**UNITED STATES of America, Appellee,**

v.

**Michael COLLAZO–MARTINEZ, Defendant, Appellant.**

**No. 88–2158.**

United States Court of Appeals, First Circuit.

Heard June 9, 1989.

Decided Aug. 3, 1989.

---

**1497**

Luis A. Medina Torres, for appellant.

Carlos A. Pérez, Asst. U.S. Atty., Crim. Div., San Juan, P.R., with whom Daniel F.

López–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for U.S.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and CAFFREY,* Senior District Judge.

TORRUELLA, Circuit Judge.

Michael Collazo Martinez ("Collazo") appeals from his conviction for attempted exportation of a stolen vehicle, in violation of 18 U.S.C. § 553(a)(1).[1] During the period in question, Collazo was employed as a police officer by the Commonwealth of Puerto Rico. On January 15, 1988, Collazo was about to travel by ferry from Mayagüez, Puerto Rico, to the Dominican Republic. On the same ferry, he was transporting a 1985 Mercedes Benz, for which he possessed a Puerto Rico vehicle registration document in his name. Upon examining this document, a police officer became suspicious and asked Collazo to accompany him to a police station so that he could make further inquiries about the document. The policeman entered the car's license plate number into VADIS, a computerized data bank, which reported that the license plate was assigned to Key Auto Sales, a car dealership. The policeman then entered the car's registration number into the computer, and discovered that the number belonged to a 1985 Mercedes Benz which had been reported stolen on January 2, 1988. Collazo was given his Miranda warnings, and instructed to appear before an Assistant District Attorney on January 19.

On the 19th, Collazo offered the police an invoice issued by American Auto Export showing that he had paid $20,000 for the car. Collazo also supplied two receipts indicating that he had made two down payments of $4,890 and $500. Collazo claimed that the balance of the car's purchase price had been financed through a loan from

---

* Of the District of Massachusetts, sitting by designation.

1. 18 U.S.C. § 553(a) states, in pertinent part: Whoever knowingly imports, exports, or attempts to import or export—
    (1) any motor vehicle, off-highway mobile equipment, vessel, aircraft, or part of any
motor vehicle, off-highway mobile equipment, vessel, or aircraft, knowing the same to have been stolen; or
    (2) ... shall be fined not more than $15,000 or imprisoned not more than five years, or both.

Citibank. The bill of sale was dated December 19, 1987, approximately two weeks before the car was reported stolen.

On February 3, 1988, Collazo was charged in a one-count indictment with attempted exportation of a stolen vehicle in violation of 18 U.S.C. § 553. A superseding indictment was later issued charging Collazo with a second count: the use of a false identification document to defraud the United States. Collazo pleaded not guilty to both counts.

The case was tried to a jury from April 28 through 30, 1988. The government presented evidence showing that the car in question had been stolen on January 2, 1988. Department of Transportation records were introduced to establish that the car belonged to Executive Leasing Corporation, and that it had never been sold to Collazo. The government also introduced testimony from a Citibank employee to the effect that his organization had never loaned money to Collazo to purchase the Mercedes Benz.

Collazo called two witnesses in his defense. The first was Sergeant Emiliano Santiago, Collazo's supervisor. He testified that after Collazo's arrest, the latter had given him the number of the license plate on the Mercedes Benz and requested him to check its status on the VADIS system. Santiago stated that he made the requisite inquiry, and that the computer reported that the license plate was not registered to a particular car, but instead to a dealer, Key Auto Sales, and that there was no record of the plate having been stolen. The defense then sought to introduce into evidence the computer printout obtained by Santiago. The printout was undated and contained only the license plate number and the fact that it had been assigned to Key Auto Sales. The printout made no reference to the Mercedes Benz or its vehicle identification number. *See* Trial Transcript, Volume III, at 86, 99. The government objected on the grounds that the printout was hearsay, improperly authenticated, and not the best evidence. The district court agreed with the government and excluded the printout on evidentiary grounds.

Collazo then testified in his own behalf. He stated that he was transporting the car to the Dominican Republic for a third party in exchange for a $300 fee. The fact that the car had been registered in his name did not make him suspicious because he had been told that only the registered owner of a car could transport it out of Puerto Rico. He claimed that he had confirmed on VADIS that the car was not stolen before going to Mayagüez to board the ferry. He also disclosed that he had exported another car to the Dominican Republic in December 1987. On cross-examination, Collazo admitted that he had been instructed to try and pass unnoticed by the police at the Mayagüez ferry dock.

The court then charged the jury. On the first count, the court instructed the jury as follows regarding inferences that could be drawn from the possession of recently-stolen property:

> If you should find beyond a reasonable doubt from the evidence in this case that the car described in the indictment was stolen, and that, when recently stolen, the property was in the possession of the accused, you may, from those facts, draw the inference that the car was possessed by the accused with knowledge that it was stolen, unless possession of the recently-stolen property by the accused is explained to the satisfaction of the jury by other facts and circumstances in evidence in the case.

> .        .        .        .        .

> In considering whether possession of recently-stolen property has been satisfactorily explained, you are reminded that, in the exercise of Constitutional rights, the accused need not take the witness stand to testify, nor does he have to produce any evidence.

> There may be opportunities to explain possession by showing other facts and circumstances, independent of the testimony of the defendant.

> You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of call-

ing any witnesses or producing any evidence.

It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference, which the law permits you to draw, from the possession of recently-stolen property. If any possession the accused may have had of recently-stolen property is consistent with innocence, or if you entertain reasonable doubt of guilt, you may or you must acquit the accused.

The jury found Collazo guilty on both counts charged. The district court, however, granted a motion for judgment of acquittal on count two, which the government has not appealed. Collazo was then sentenced to twelve months imprisonment on count one.

On appeal, Collazo argues that his conviction should be reversed for either one of two reasons. First, he claims that the district court committed reversible error by refusing to admit into evidence Sergeant Santiago's computer printout. Second, he argues that the court's instructions to the jury regarding count one were improper.

■ Even assuming, *arguendo*, that the district court erred in excluding the computer printout, we fail to understand why this alleged error merits reversal of Collazo's conviction. The defendant sought to introduce the printout into evidence to prove that the license plate was assigned to Key Auto Sales and that it was not reported as having been stolen. Not only did one of the government's own witnesses admit as much, but this point was more than adequately communicated to the jury during Santiago's direct examination. The printout, which was undated and contained no reference to the Mercedes Benz or its registration number, was redundant in light of the government's direct case and Santiago's testimony. The exclusion of the printout did not prejudice Collazo's defense. We hold, therefore, that even if the district court erred in excluding the computer printout, that error was harmless. *See United States v. Paradis,* 802 F.2d 553, 564 (1st Cir.1986); *United States v.*

*Kubitsky,* 469 F.2d 1253, 1254 (1st Cir. 1972).

Collazo also claims that the jury was improperly instructed as to count one. This claim has three components, each of which we find meritless. First, he argues that the court erred in failing to instruct the jury that they were not obliged to infer that Collazo knew that the car was stolen from the fact that he possessed it. The jury was instructed that the decision whether to make the inference of knowledge from possession was within its exclusive province. This instruction made it perfectly clear to the jury, as desired by the defendant, that it was not obliged to make this inference. *See United States v. Bonnetts,* 747 F.2d 1159, 1161–62 (7th Cir. 1984), *cert. denied,* 470 U.S. 1058, 105 S.Ct. 1771, 84 L.Ed.2d 831 (1985).

■ Second, Collazo argues that the inference itself does not comport with due process, relying on *Barnes v. United States,* 412 U.S. 837, 841–46, 93 S.Ct. 2357, 2360–63, 37 L.Ed.2d 380 (1973). In *Barnes,* the Court held that a recently-stolen property instruction similar to the one given in this case satisfied the requirements of due process because the evidence submitted was "clearly sufficient" to enable a jury to find beyond a reasonable doubt that the defendant knew that the property in question was stolen. *Id.* at 845, 93 S.Ct. at 2362. Collazo argues that the government's evidence in this case is mostly circumstantial and does not satisfy the reasonable doubt standard. We disagree. Based on the fact that the evidence showed that Collazo, a policeman, was transporting an expensive car from Puerto Rico to the Dominican Republic using false documentation, that Collazo had been warned to avoid police scrutiny, and that Collazo initially claimed that he did own the car, we believe the jury could have found beyond a reasonable doubt that Collazo knew that the Mercedes Benz was stolen. The inference therefore satisfies the requirements of due process.

Third, he argues that by giving the stolen property inference instruction immediately after having explained the elements

of the attempted exportation, the court "made it look as if knowledge did not have to be proved beyond a reasonable doubt." Brief for the Appellant at 17. The best that we can say about this argument is that it is steeped in hope rather than in reason; we reject it summarily. We hold that the jury was properly instructed with respect to count one.

The conviction of Michael Collazo Martínez is *affirmed*.